EXHIBIT B

5/2/2021 6:27 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 53024350
By: D Burton
Filed: 5/3/2021 12:00 AM

## 2021-26217 / Court: 113

CAUSE NO. _____

| | | |
|---|---|---|
| EDWIN ALFREDO GARCIA, Plaintiff, | § § § § § § | IN THE DISTRICT COURT OF |
| VS. | § § | HARRIS COUNTY, TEXAS |
| EDWARD ACOSTA, GYPSUM MANAGEMENT AND SUPPLY, INC., ENTERPRISE FLEET MANAGEMENT, INC., and EDWIN BLADIMIR GARCIA, Defendants. | § § § § § § | _____ JUDICIAL DISTRICT |

---

### PLAINTIFF'S ORIGINAL PETITION

---

Plaintiff Edwin Alfredo Garcia files this Original Petition, complaining of Defendants Edward Acosta, Gypsum Management & Supply, Inc., Enterprise Fleet Management, Inc., and Edwin Bladimir Garcia, and for cause of action would respectfully show this Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.1     This case will be governed by Discovery Control Plan Level 2, pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2.1     Plaintiff Edwin Alfredo Garcia is an individual residing in Harris County, Texas.

2.2     Defendant Edward Acosta is an individual residing in Houston, Harris County, Texas, and may be served with process at 11407 Bethnal Green Drive, Houston, Texas 77066. Plaintiff requests that the Harris County District Clerk issue citation for personal service on Defendant Edward Acosta at the following address, or wherever he may be found:

    Edward Acosta

> 11407 Bethnal Green Drive
> Houston, Texas 77066

2.3    Defendant Gypsum Management & Supply, Inc. is a foreign corporation conducting business in Harris County, Texas, and may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Plaintiff requests that the Harris County District Clerk issue citation and serve the citation on Defendant Gypsum Management & Supply, Inc.'s registered agent by certified mail, return receipt requested, at the following address:

> CT Corporation System
> 1999 Bryan Street, Suite 900
> Dallas, Texas 75201-3136

2.4    Defendant Enterprise Fleet Management, Inc. is a foreign corporation conducting business in Harris County, Texas, and may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Plaintiff requests that the Harris County District Clerk issue citation and serve the citation on Defendant Enterprise Fleet Management, Inc.'s registered agent by certified mail, return receipt requested, at the following address:

> CT Corporation System
> 1999 Bryan Street, Suite 900
> Dallas, Texas 75201-3136

2.5    Defendant Edwin Bladimir Garcia is an individual residing in Harris County, Texas, and may be served with process at 10159 Beekman Place, Houston, Texas 77043. Plaintiff requests that the Harris County District Clerk issue citation for personal service on Defendant Edwin Bladimir Garcia at the follow address, or wherever he may be found:

> Edwin Bladimir Garcia
> 10159 Beekman Place
> Houston, Texas 77043

## III.
### JURISDICTION AND VENUE

3.1    Jurisdiction in this Court is proper because the amount in controversy is within the jurisdictional limits of this Court. Venue is proper in Harris County because Defendants were residents of Harris County at the time the causes of action accrued, and the acts and omissions giving rise to the claim occurred in Harris County.

## IV.
### FACTS

4.1    This case arises from severe injuries sustained by Edwin Alfredo Garcia in a car crash caused entirely by Defendant Edward Acosta. On or about May 3, 2019, Defendants Edward Acosta and Edwin Bladimir Garcia unlawfully disregarded traffic signals, failed to yield the right-of-way, failed to take adequate evasive action, failed to leave an assured safe distance between their vehicles and other vehicles, and collided with each other.

4.2    Mr. Garcia was a passenger in Defendant Edwin Bladimir Garcia's vehicle. Defendant Acosta was operating a vehicle owned and entrusted to him by Defendant Enterprise Fleet Management, Inc., and was acting within the course and scope of his employment with Defendant Gypsum Management and Supply, Inc. at the time of the collision.

4.3    Mr. Garcia sustained serious injuries as a result of the collision. Mr. Garcia has incurred significant medical bills, and will likely require significant treatment and medical bills in the future.

## V.
### NEGLIGENCE

5.1    Defendants Edward Acosta and Edwin Bladimir Garcia owed legal duties to Mr. Garcia to operate their vehicles reasonably, prudently, and safely. Defendant Gypsum Management & Supply, Inc., owed legal duties to Mr. Garcia including, without limitation, the duty to exercise

ordinary and reasonable care in the organization, supervision, selection, hiring, training, retention, oversight, management, and operation of its employees and vehicles. Defendants Gypsum Management and Supply, Inc. and Enterprise Fleet Management, Inc. owed Mr. Garcia legal duties to entrust their vehicle only to a qualified, competent, attentive, adequately-trained and supervised, licensed, and non-reckless driver.

5.2    Defendants breached their duties to Mr. Garcia by: (a) failing to timely apply brakes to avoid the collision; (b) failing to maintain a proper lookout; (c) failing to maintain proper control of their vehicles; (d) failing to avoid the collision; (e) failing to control their speed; (f) disregarding traffic control devices; (g) failing to yield the right-of-way; (h) failing to operate their vehicles reasonably, prudently, and safely; (i) driving their vehicles at a rate of speed greater than that at which an ordinarily prudent person would have driven under the same or similar circumstances; (j) entrusting their vehicle to an unqualified, incompetent, and reckless driver; and (k) failing to exercise reasonable and ordinary care in the selection, hiring, retention, training, and supervision of employees.

5.3    Defendants' breaches of their duties to Mr. Garcia proximately caused his injuries. As a result, Mr. Garcia seeks recovery of actual damages, past and future pain and suffering, past and future mental anguish, past and future physical impairment, prejudgment and post-judgment interest, and his costs of court.

## VI.
## NEGLIGENCE PER SE

6.1    The above-described actions by Defendants constitute negligence per se, because Defendants violated statutes of the State of Texas. By way of example and without limitation, Defendant specifically violated Sections 544.004, 544.007, 545.062, 545.351, and 545.401 of the Texas Transportation Code.

6.2     Section 544.004 requires a driver to comply with traffic control devices.  Section 544.007 requires a driver to yield the right-of-way to other vehicles lawfully in an intersection.  Section 545.062 requires a driver following another vehicle to maintain an assured clear distance between the two vehicles so that the driver can safely stop without colliding with the preceding vehicle.  Section 545.351 forbids a driver from operating his vehicle at a speed greater than is reasonable and prudent under the circumstances then existing, and requires a driver to control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on the roadway.  Section 545.401 forbids a driver from operating his vehicle in willful or wanton disregard for the safety of persons or property.

6.3     The above-described statutes of the State of Texas are designed to protect a class of persons to which Mr. Garcia belonged, against the types of injuries he suffered.  Defendants' violations of the above-listed laws proximately caused Mr. Garcia's injuries.  Tort liability may be imposed when a statute is violated, and Defendants violated the statutes without excuse.  As a result of Defendants' negligence per se, Mr. Garcia seeks recovery of actual damages, past and future pain and suffering, past and future mental anguish, past and future physical impairment, prejudgment and post-judgment interest, and costs of court.

## VII.
### NEGLIGENT ENTRUSTMENT

7.1     Defendants Enterprise Fleet Management, Inc. and Gypsum Management and Supply, Inc. negligently entrusted their vehicle to Defendant Edward Acosta.  Defendant Acosta was an incompetent, unqualified, inattentive, unlicensed, and reckless driver, and Defendants knew or should have known that Defendant Acosta was an incompetent, unqualified, inattentive, unlicensed, and reckless driver.  Defendant Acosta's negligence at the time of his collision with Mr. Garcia proximately caused the injuries complained of herein.  As a result, Mr. Garcia seeks

recovery from Defendants of actual damages, past and future pain and suffering, past and future mental anguish, past and future physical impairment, past and future loss of earning capacity, prejudgment and post-judgment interest, and costs of court.

## VIII.
### NEGLIGENT HIRING, SELECTION, SUPERVISION, AND TRAINING

8.1     Defendant Gypsum Management & Supply, Inc., owed Mr. Garcia legal duties to use ordinary care in hiring, selecting, supervising, retaining, and training competent and safe employees.  Defendant breached its duties by failing to use ordinary care in:  (1)  selecting, screening, and hiring safe employees; (2) inquiring into the qualifications of their employees to safely perform their jobs; (3) inquiring into the qualifications of their employees to perform safely; (4) inquiring into the criminal background of their employees; (5) adequately supervising their employees; (6) adequately training their employees with respect to safe driving and safe operation; and (7) remaining knowledgeable about their employees' competence and fitness to drive safely and perform tasks they were assigned by Defendant.

8.2     Defendant's employees, along with Defendant, committed actionable negligence which proximately caused the injuries to and damages suffered by Mr. Garcia.  As a result, Mr. Garcia seek actual damages, pain and suffering, mental anguish, past and future physical impairment, past and future loss of earning capacity, prejudgment and post-judgment interest, and costs of court.   The acts and omissions of Defendant's employees were within the scope of duties determined by Defendant, and Defendant is liable for the conduct of Defendant Acosta and their other employees.

## IX.
### PARTICIPATORY AND VICARIOUS LIABILITY

9.1     <u>Respondeat Superior</u>.  Mr. Garcia was injured as a result of Defendants' tortious acts

described above. The individuals who committed these torts were employees of one or more Defendants. The tortious acts were committed while the individuals were acting within their general authority, in furtherance of Defendants' business, and for the accomplishment of the object for which they were hired.

## X.
### RULE 193.7 NOTICE

10.1    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Mr. Garcia hereby gives notice that any and all documents produced by any party in response to written discovery may be used at any pretrial proceeding or at trial.

## XI.
### RULE 47 STATEMENT

11.1    Pursuant to Rule 47(b) of the Texas Rules of Civil Procedure, damages are within the jurisdictional limits of this Court. Further, plaintiffs in Texas are required by Rule 47(c) to state the dollar amount of damages that represent their harms and losses due to a defendant's negligence. The legislative history of this requirement indicates that it is for record-keeping and statistical purposes only, for lawsuits filed in the State of Texas. Mr. Garcia's counsel states that she seeks monetary relief of more than $250,000 but less than $1,000,000, at this time. The amount of monetary relief actually assessed by the judge or jury however, will ultimately be determined by the fact-finder after hearing all of the evidence presented.

## XII.
### JURY DEMAND

12.1    Mr. Garcia hereby demands a trial by jury.

## XIII.
### PRAYER

14.1    For these reasons, Plaintiff Edwin Alfredo Garcia asks this Court to issue citation for

Defendants Edward Acosta, Gypsum Management & Supply, Inc., Enterprise Fleet Management, Inc., and Edwin Bladimir Garcia to appear and answer, and that he be awarded judgment against Defendants for the following:

      a.    actual and economic damages;

      b.    past and future medical expenses;

      c.    past and future pain and suffering;

      d.    lost earning capacity and loss of earnings;

      e.    past and future mental anguish;

      f.    physical impairment in the past and future;

      g.    prejudgment and post-judgment interest at the highest rate authorized by law;

      h.    court costs; and

      i.    all other relief to which Plaintiff is entitled.

Respectfully submitted,

**EVERETT DAY & ASSOCIATES, PLLC**

Everett Day
Texas Bar No. 24042230
1811 Bering Drive, Suite 300
Houston, Texas 77057
713.640.5875
877.518.7854 (facsimile)
eday@edaylawfirm.com
**ATTORNEY FOR PLAINTIFF**